IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WESTDALE ASSET MANAGEMENT *doing business as* Woodland Ridge Apartments,<br><br>    Plaintiff,<br><br>    v.<br><br>MALIK WILLIAMS, *and all other occupants*,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:16-CV-01827-CAP-CMS<br><br><br>Removed from Magistrate Court of Gwinnett County, Georgia<br><br>Case No. 16-M-13021 |

### **FINAL REPORT AND RECOMMENDATION**

### **AND ORDER**

This matter is before the court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by defendant Malik Williams ("Williams"). (Doc. 1). Williams, who is proceeding without counsel, seeks to remove this dispossessory action to federal court from the Magistrate Court of Gwinnett County, Georgia, based upon his or her assertion of certain defenses, including violation of the Fair Debt Collection Practices Act ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, and an alleged legal

duty to abort eviction pursuant to O.C.G.A. § 51-1-6.  Williams' notice of removal also makes passing reference to the federal Fair Housing Act.  (Doc. 1-3 at 1).

After consideration by the court of Williams' affidavit of indigency only, Williams' request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).  However, because this court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction.

## I.  DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Williams' notice of removal to determine whether there is a proper basis for removal.  In order for removal to be proper, Williams must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States.  28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a federal district

court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Williams appears to be attempting to remove this action to this court on the basis of federal question jurisdiction. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiff, Westdale Asset Management d/b/a Woodland Ridge Apartments, in the Magistrate Court of Gwinnett County appears to be a dispossessory action seeking the eviction of defendant Williams and all other occupants for past due rent and associated fees. (Doc. 1-3 at 3, "Dispossessory Proceeding"). Williams has attached a copy of the dispossessory proceeding form filed on behalf of the plaintiff, explaining that Williams is a tenant who has "failed to pay the rent which is now past due." (Id.).

3

Under the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings contain a federal question. Williams may not invoke federal question jurisdiction solely on the basis of a defense or counterclaim based on federal law. See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. See id. The pleadings indicate that the plaintiff seeks possession of the premises against the defendant tenant for failure to pay rent and associated fees. With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). Thus, there is no monetary amount in controversy for dispossessory actions where a plaintiff is seeking only equitable relief from the court to gain possession of real property. See id.

Even if the amount in controversy is the past due rent, fees, and court costs listed on the dispossessory complaint ($763.00 in past due rent; $25.43 per day up to the date of judgment or vacancy; $115.00 late fee; $213.00 utilities; and court costs) (Doc. 1-3 at 3), Williams has failed to allege or show that the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.

## II.  CONCLUSION

Williams has failed to demonstrate that this court has subject matter jurisdiction over the plaintiff's claim.  In addition, Williams' petition for removal is procedurally defective.  See 28 U.S.C. § 1446.  For the reasons stated, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction.  Williams' request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

**IT IS SO RECOMMENDED AND ORDERED**, this 14th day of June, 2016.

_____
**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**